UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STUDIO360, INC, <br><br> PLAINTIFF, <br><br> vs. <br><br> WYNN RESORTS LIMITED, <br><br> DEFENDANT. | CASE NO.: <br><br> COMPLAINT <br><br> [JURY DEMANDED] |

Plaintiff Studio360, Inc. alleges:

INTRODUCTION

1. This action results from defendant's willful infringement of plaintiff's copyrights to a photograph. Defendant Wynn Resorts knowingly used plaintiff's photograph to sell rooms, casino gaming and entertainment services at its resorts without plaintiff's permission to do so.

COMPLAINT - 1

Kevin Traywick (WSBA 27927) (206) 860-8292
400 Roy St. Suite 200 Seattle, WA 98109

A copy of the infringed work as generally found on plaintiff's web site is attached as Exhibit A.

2.  This action is comprised of claims arising under the Copyright Act of 1976, 17 U.S.C.A. §101, *et seq.,* the Copyright Protection and Management Systems statute, 17 U.S.C.A. §1201, *et seq.*, and state law causes of action for unjust enrichment, unfair competition and breach of contract.

## JURISDICTION AND VENUE

3.  This court has original jurisdiction over civil claims arising under the Constitution under 28 U.S.C. §1331; federal question jurisdiction over all claims arising under the Copyright Act under 28 U.S.C 1338(a); jurisdiction over the unfair competition claims under 28 U.S.C. §1338(b); jurisdiction based upon the diversity of citizenship of the parties under 28 U.S.C. §1332 as the amount in controversy is greater than $75,000 and plaintiff is a citizen of Washington and defendant is a citizens of a state other than Washington (to wit, Nevada); and supplemental jurisdiction over the pendent claims under 29 U.S.C. § 1367(a).

4.  Venue is proper pursuant to 28 U.S.C. §1391 and §1400(a) as defendant is subject to personal jurisdiction in the district, a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction including but not limited to contracting for goods and services within the state, and all of plaintiff's copyrightable property that is the subject of the action is situated in this jurisdiction.

5.  Defendant is subject to personal jurisdiction in this forum.

PARTIES

6.  Plaintiff Studio360, Inc. is a Washington corporation.

7.  Defendant Wynn Resorts Limited is a Nevada corporation.

FACTS

8.  Plaintiff Studio360 is a small Seattle company that produces web sites containing information about travel destinations under the trade name Destination360.com. Most visitors to plaintiff's web sites find them through Google image searches. Declaration of Dan Taylor, ¶4. A Google search for images of Las Vegas returns thousands of images of Las Vegas as thumbnails images. These thumbnail images are presented based on their popularity as determined by Google's search results algorithms. Taylor Decl. ¶6. Clicking the thumbnail image takes the user to a site with the full-size image. Those "click-throughs" create substantial revenue for plaintiff in (1) referral fees, which are the commissions paid when the user goes on to reserve or purchase hotel rooms, airfare, show tickets or other tourism services and (2) advertising fees received from the Google AdSense network based on the web site's traffic volume and characteristics.

9. Defendant Wynn operates resorts worldwide including the Wynn Las Vegas, a hotel resort with casinos, entertainment venues, a score of restaurants, a golf course, five swimming

pools and a Maserati dealership. Along with the adjacent Wynn Encore resort, Wynn considers it "the preeminent destination casino resorts on the Strip in Las Vegas.[1]" The hub of this activity and key to their business model is the occupancy rate, meaning, they need people to stay in their rooms so they will then spend money in their casinos, restaurants and entertainment venues.

10. Plaintiff produces websites with information about Las Vegas, including one about the Wynn Las Vegas.[2] The prominent image of the Wynn Las Vegas hotel that appears on plaintiff's Wynn Las Vegas website shown in Exhibit A is a photograph taken by plaintiff's owner, Dan Taylor, a professional photographer. Taylor Decl. ¶2.

11. Today and at all relevant times, the title, author, and copyright holder were conveyed in connection with the photograph on plaintiff's web site along with terms and conditions prohibiting unauthorized use of the photograph.[3]

12. In November 2008, plaintiff discovered defendant had copied, reproduced and publicly displayed this photograph at the Wynn Las Vegas reservations page (http://reservations.wynnlasvegas.com) without plaintiff's permission, violating plaintiff's copyrights to the photograph. Defendant's infringing use is shown in Exhibit B.

---

[1] Wynn Resorts 2008 Annual Report (SEC Form 10-K)
[2] http://www.destination360.com/north-america/us/nevada/las-vegas/wynn.php
[3] http://www.destination360.com/terms.php

COMPLAINT - 4

1    13. On information and belief, defendant selected and knowingly used the photograph
2    based on its value in attracting web traffic. Prior to its infringing use, Wynn paid commissions
3    to a third-party intermediary based on reservations originating from plaintiff's web site. As the
4    party paying these commissions to the intermediary, Wynn knew the Destination360 site about
5    the Wynn Las Vegas resort generated significant internet traffic and interest when it took the
6    image. Taylor Decl. ¶9. Indeed, it told plaintiff that. Taylor Decl. ¶10. But then, presumably to
7    avoid paying such commissions and attempting to attract plaintiff's internet traffic directly to
8    its web site, Wynn simply took the image and placed it on its single most important online
9    location, the reservations page for the Wynn Las Vegas. On information and belief, this is the
10   most important page in defendant's reservation system, the single page on its web site all
11   online reservations inquiries must go through and where the majority of room reservations for
12   its Las Vegas resort hotels are made.
13
14   14. On information and belief, in the course of taking, altering and displaying the image
15   on its resort reservations web page, Wynn also knowingly and intentionally failed to identify
16   either the photograph's author or copyright holder and violated the terms and conditions found
17   on plaintiff's web site against such use.
18
19   15. On information and belief, in the course of altering the image for its purposes and
20   displaying it on its reservations page, Wynn also altered and removed plaintiff's copyright
21   management information.

COMPLAINT - 5

Kevin Traywick (WSBA 27927) (206) 860-8292
400 Roy St. Suite 200 Seattle, WA 98109

16. On or about November 25, 2008, plaintiff contacted defendant, demanded they cease the unauthorized use of the photograph and pay compensation for its illicit use. Defendant removed the photograph from its site and offered to settle the damages claims for an amount unacceptable to plaintiff.

17. Although duly demanded, Wynn has refused to compensate plaintiff for the unauthorized use of the photograph.

18. Studio360 registered the work with the Copyright Office on December 2, 2008.[4]

CLAIM 1 – COPYRIGHT INFRINGEMENT

19. Plaintiff adopts by reference all prior paragraphs.

20. Plaintiff is the exclusive lawful owner of the copyrights in the photograph. The work was registered with the United States Office of Copyright pursuant to 17 U.S.C.A. §§411, Exhibit B, after defendant's infringing use.

21. The photograph was an original work of Dan Taylor, wholly owned by plaintiff and protected under the laws of the United States. There is not and never has been an authorized copy of the work.

---

[4] Registration No. VAu000981647

COMPLAINT - 6

22. Defendant had access to and illegally copied the photograph.

23. Defendant, with no lawful right whatsoever in the photograph, knowingly and willfully reproduced, prepared derivative works of, distributed copies and displayed the work and otherwise exploited and placed it into the stream of commerce for their benefit in violation of plaintiff's copyrights.

24. As a result of defendant's copyright infringement, plaintiff demands damages equal to its lost referrals revenue, reduced advertising payments, diminishment of the value of the photograph and compensation for the actual use of the photograph pursuant to 17 U.S.C.A. §504(b).

25. As a result of defendant's copyright infringement, plaintiff demands damages equal to Wynn's profits pursuant to 17 U.S.C.A. §504(b).

CLAIM 2 – ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

26. Plaintiff adopts by reference all prior paragraphs.

27. During the course of infringing the work, defendant intentionally altered the method and means by which plaintiff monitors use of its images on the internet, a method it holds as a trade secret.

Kevin Traywick (WSBA 27927) (206) 860-8292
400 Roy St. Suite 200 Seattle, WA 98109

Case 2:09-cv-00610-JLR   Document 1   Filed 05/04/09   Page 8 of 12


28. Defendant's alteration of copyright management information violated 17 U.S.C.A. §1202(b), prohibiting such conduct.

29. Plaintiff demands statutory damages pursuant to 17 U.S.C.A. §1203(c)(3).

30. Plaintiff demands recovery of its costs incurred in bringing this action pursuant to 17 U.S.C.A. §1203(b)(4).

31. Plaintiff demands attorney's fees pursuant to 17 U.S.C.A. §1203(b)(5).

## CLAIM 3 – UNJUST ENRICHMENT

32. Plaintiff adopts by reference all prior paragraphs.

33. Defendant has received and obtained substantial gains, advantages and benefits by using plaintiff's photograph for defendant's commercial purposes.

34. To the extent defendant has exploited the photograph without compensating plaintiff, defendant have benefitted to the detriment of plaintiff. It would be unfair and inequitable for defendant to be able to retain such benefits without compensating plaintiff.

35. To the extent defendant has used the photograph without attributing it to plaintiff, and avoiding compensating plaintiff for its use, defendant has benefitted to the detriment of

plaintiff. It would be unfair and inequitable for defendant to be able to retain such benefits without compensating plaintiff.

36. As a result of the unjust enrichment of defendant, plaintiff has incurred damages in an amount to be determined at trial, plus applicable interest, attorney fees and costs. Defendant is liable to plaintiff for such unjust enrichment, gains, advantages, and benefits.

37. Because defendant's conduct was willful, intentional and in bad faith, plaintiff is entitled to punitive and exemplary damages.

## CLAIM 4 – UNFAIR COMPETITION

38. Plaintiff adopts by reference all prior paragraphs.

39. Defendant altered the photograph, knowingly and willfully encouraging their online visitors to believe that defendant had created the photograph, or had the lawful right to use and distribute the photograph, thus deceiving the public and appropriating plaintiff's intellectual property for defendant's benefit.

40. By willfully using plaintiff's property without authorization, defendant unfairly received and obtained substantial gains, profits, advantages and benefits rightfully belonging to plaintiff.

Kevin Traywick (WSBA 27927) (206) 860-8292
400 Roy St. Suite 200 Seattle, WA 98109

41. Such conduct constitutes unfair competition under Washington law, R.C.W. 19.86.020 et seq.

42. Plaintiff is entitled to recover from the defendants monetary damages as a result of the wrongful acts of defendant. Because defendants conduct was willful, intentional and in bad faith, Plaintiff is entitled to punitive and exemplary damages.

CLAIM 5 – BREACH OF CONTRACT

43. Plaintiff adopts by reference all prior paragraphs.

44. Any user of plaintiff's web site agrees to the terms of use for the site by using the site. These terms of use include a prohibition against violating plaintiff's copyright to any materials on the site.[5]

45. Defendant used plaintiff's web site and was subject to these terms of use. Defendant's unauthorized use of the photograph was a breach of these terms.

46. As a result of such breach of contract, plaintiff has suffered damages.

---

[5] http://www.destination360.com/terms.php: "No material from any Web site owned, operated, licensed, or controlled by Studio360 may be copied, reproduced, republished, uploaded, posted, transmitted, or distributed in any way, except that you may download one copy of the materials on any single computer for your personal, non-commercial home use only, provided you keep intact all copyright and other proprietary notices. Modification of the materials or use of the materials for any other purpose is a violation of Studio360's copyright and other proprietary rights. For purposes of these terms, the use of any such material on any other Web site or networked computer environment is prohibited."

## DEMAND

47. Plaintiff demands judgment be entered against defendant for its actual damages.

48. That an order be entered compelling defendant to account for its financial gain, profits and advantages derived from its infringement of plaintiff's photograph. Plaintiff demands judgment be entered against defendant for these gains, profits and advantages in an amount not less than $100,000.

49. That an order be entered compelling defendant to display an apology to plaintiff for the acts giving rise to this action for a period equal to the number of days from the commencement of infringement to a final judgment.

50. That an order be entered against defendant for such damages as plaintiff has sustained as a result of plaintiff's breach of contract.

51. Plaintiff demands judgment be entered against defendant for its costs.

52. Plaintiff demands judgment be entered against defendant for its reasonable attorney's fees.

53. Plaintiff demands such other and further relief as the court finds just.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

_____
Kevin Traywick (WSBA #29729)
Attorney for Plaintiff
Dated: May 1, 2009

COMPLAINT - 12

Kevin Traywick (WSBA 27927) (206) 860-8292
400 Roy St. Suite 200 Seattle, WA 98109